**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **DAVID HAMILTON, # 488085,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-00803** |
| | ) | |
| **KENNETH NELSON, *et al.*,** | ) | **Judge Trauger** |
| | ) | **Magistrate Judge Frensley** |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff David Hamilton, who is incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1). The complaint is now before the court for initial review in accordance with the Prison Litigation Reform Act (PLRA).

## I. Filing Fee

The plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of the plaintiff's IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the

remainder in installments. Accordingly, the plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, 20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to from the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of from the plaintiff's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify from the plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Riverbend Maximum Security Institution to ensure that the custodian of from the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement,

the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows the plaintiff to his new place of confinement for continued compliance.

## II. Motions to Amend and Correct

The plaintiff has filed a "Motion to Amend Record," which in substance is a motion to drop Grady Perry as a defendant in this action. (Doc. No. 7) ("I would like the Court to amend the record and terminate/remove SCCF Warden Grady Perry as a defendant in this particular case."). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Here, the court finds that Grady Perry was inadvertently included as a defendant. The plaintiff's motion to drop will therefore be granted.

The plaintiff has also filed a "Motion to Correct Complaint Record." (Doc. No. 8). This motion seeks to correct the name of a non-defendant inmate who allegedly attacked the plaintiff in October 2025. (*Id.*) The motion will be denied without prejudice. If the plaintiff wishes to file an amended complaint, he must include as an exhibit a proposed amended complaint that "restate[s] the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. L.R. 15.01(a)(1), (b). Because the name of the alleged attacker does not affect the court's screening analysis, the court will now proceed to initial review of the original complaint.

## III. PLRA Screening Standards

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

At this stage, the court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016), and accept the factual allegations as true unless they are entirely without credibility. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

## IV. The Complaint

In the complaint, the plaintiff alleges that he was stabbed by another inmate in May 2025 by a member of the Bloods street gang. (Doc. No. 1 at 3). In an attached grievance document, the plaintiff asserts that after this attack, he requested to be transferred to a different housing unit. (Doc. No. 1-3 at 5). That request was denied. (*Id.*)

On the morning of October 19, 2025, the plaintiff's housing unit was called for recreation in the "recreation cages." (Doc. No. 1 at 3). Fights were common in the recreation cages. (*Id.*) Nevertheless, due to short staffing, defendant Officer Green went inside and left the cages unsupervised during the recreation period. (*Id.*) After Officer Green went inside, a member of the Bloods street gang attacked the plaintiff, stabbing him in the chest, arm, shoulders, head, and neck. (*Id.*) The plaintiff was hospitalized for his injuries. (*Id.*)

Upon his return to Riverbend Maximum Security Institution, the plaintiff was placed in protective custody, while his attacker was returned to general population. (*Id.* at 11−12). While in protective custody, the plaintiff He is held in his cell for all but five hours per week. (*Id.* at 11). He is also limited to one 30-minute phone call per month. (*Id.* at 12).

The plaintiff asserts that defendants failed to protect him from the October 19 attack and are subjecting him to cruel and unusual punishment by housing him in protective custody. (*Id.* at 5). He seeks damages and injunctive relief. (*Id.* at 14).

## V. Analysis

The plaintiff's failure-to-protect claim against Officer Green will proceed. All other claims will be dismissed for failure to state a claim upon which relief may be granted.

### A. Claim to Proceed

"[P]rison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners." *Reedy v. West*, 988 F.3d 907, 912 (6th Cir. 2021) (quotation marks omitted). "For a failure-to-protect claim to lie against a prison official, the plaintiff must show that: (1) 'objectively,' he was 'incarcerated under conditions posing a substantial risk of serious harm' and (2) the official acted with 'deliberate indifference' to inmate safety, meaning the official was 'subjectively aware of the risk' and 'failed to take reasonable measures to abate it.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 833−34 (1994)) (brackets and citations omitted). Here, the court may infer from the plaintiff's allegations that he was sent into recreation cages with known members of the Bloods street gang, despite recently being attacked by a member of the same gang, thus creating a substantial risk of serious harm. The court may further infer that Officer Green knew of the substantial risk of serious harm to the plaintiff in the recreation cages, and yet he left them unsupervised. The plaintiff has therefore stated a viable claim against Officer Green for failure to protect him from the October 19 attack in violation of the Eighth Amendment. This claim shall proceed against Officer Green in his individual capacity.

### B. Claims to Be Dismissed

All failure-to-protect claims against defendants other than Officer Green will be dismissed for failure to state a claim upon which relief may be granted. The complaint does not identify any defendant other than Officer Green who was objectively aware of a risk of serious harm to the plaintiff and exhibited deliberate indifference to that risk. Specifically, the complaint does not

identify any defendant who knew about the May 2025 attack and yet rejected the plaintiff's request for a different housing assignment. The complaint also does not identify any defendant other than Officer Green who was responsible for leaving the recreation cages unsupervised on October 19, when the plaintiff was attacked for a second time. Accordingly, the complaint fails to state an Eighth Amendment failure-to-protect claim upon which relief may be granted as to any defendant other than Officer Green.

All Eighth Amendment conditions-of-confinement claims based on the plaintiff's assignment to protective custody will be dismissed for failure to state a claim upon which relief may be granted. The Eighth Amendment requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[A] total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). The Sixth Circuit "has never set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003). This Court has previously reviewed the governing circuit law and concluded "that the opportunity for some amount of 'regular' exercise is required . . . , but that daily exercise is not constitutionally mandated." *Allen v. Holt*, No. 3:18-cv-00033, 2019 WL 4167278, at *3 (M.D. Tenn. Sept. 3, 2019). Here, the plaintiff has not alleged that he is subject to a "total or near-total deprivation of exercise or recreational activity." *Patterson*, 717 F.2d at 289. On the contrary, he alleges that he has an opportunity to leave his cell one hour per day, five days per week. (Doc. No. 1 at 11). Accordingly, all conditions-of-confinement claims will be dismissed for failure to state a claim upon which relief may be granted.

Similarly, the plaintiff has not alleged a viable claim based on restricted telephone access. The right to telephone access "is protected by the First Amendment as part of a more general right to communicate with family and friends." *Dallas v. Chippewa Corr. Facility*, No. 20-1941, 2022 WL 905857, at *3 (6th Cir. Mar. 1, 2022). Thus, to state a viable claim based on telephone restrictions, a plaintiff must "allege facts showing that existing policies prevented him from exercising other means, such as writing letters, to communicate with others outside" the prison. *Id.* (affirming dismissal of First Amendment access-to-telephone claim). Here, as in *Dallas*, the plaintiff does not allege that he has been generally restricted from communicating with friends and family, including by written communication. Accordingly, he has failed to state a viable claim based on restricted telephone access. Any such claim will be dismissed for failure to state a claim upon which relief may be granted.

## VI. Motion for Counsel

The plaintiff has moved for the appointment of counsel. (Doc. No. 3). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993) (quotation marks and citations omitted). "Whether exceptional circumstances exist depends on the type of case and the plaintiff's ability to represent [himself]. In turn, this involves an assessment of the complexity of the factual and legal issues involved in the case." *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (citations omitted). Here, the remaining factual and legal issues are relatively straightforward. Additionally, the plaintiff has demonstrated though his filings that he can logically present his allegations and make legal arguments. At this stage, it does not appear that exceptional circumstances exist such that appointment of counsel is necessary. Accordingly, the plaintiff's motion for counsel (Doc. No. 3) will be denied without prejudice.

## VII. CONCLUSION

The IFP Application (Doc. No. 2) is **GRANTED**.

The "Motion to Amend Record" (Doc. No. 7) is **GRANTED**. The "Motion to Correct Complaint Record" (Doc. No. 8) is **DENIED** without prejudice.

The court has screened the complaint pursuant to the PLRA.

An Eighth Amendment failure-to-protect claim **SHALL PROCEED** against Officer Green in his individual capacity.

All other claims are **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is **DIRECTED** to terminate all defendants other than Officer Green as parties on the docket.

The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendant Green. The plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **30 DAYS** of the entry of this order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the Defendant. Fed. R. Civ. P. 4(b) and 4(c)(3).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. Despite the issuance of process, the Magistrate Judge may *sua sponte* recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

The plaintiff is forewarned that this action may be dismissed if he fails to apprise the Court of any address changes.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge